# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRICO SIERRA,<br><br>      Plaintiff,<br><br>v.<br><br>DOCTOR CHAKMAKIAN,<br><br>      Defendant. | CASE NO. 2:17-CV-03723-SK<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I.

Plaintiff is an inmate at Centinela State Prison ("CSP") who is suing Defendant Vache Chakmakian, M.D., under 42 U.S.C. § 1983 for alleged deliberate medical indifference in violation of the Eighth Amendment. (FAC, ECF 21-2 at 2-3). Plaintiff claims that while he was at Ironwood State Prison ("ISP") in Blythe, California, Defendant revoked his Comprehensive Accommodation Chrono ("chrono") for orthopedic shoes for no medical reason and then refused to prevent his transfer to an out-of-state prison where he was denied proper medical care for his feet. (*Id.* at 11-15). Plaintiff and Defendant have filed cross-motions for summary judgment. (ECF 60, 69). Because Plaintiff has presented no admissible evidence contradicting Defendant's evidence that his decision to revoke Plaintiff's chrono was based on his professional medical judgment, there is no genuine dispute of material fact about whether Defendant consciously disregarded an excessive risk of harm to Plaintiff's feet. Nor is there any evidence to suggest that Defendant had any role in Plaintiff's prison transfer, that he declined to stop the transfer in order to interfere with medical treatment, or that he

knew Plaintiff would receive inferior medical care once transferred from ISP. Defendant's motion for summary judgment is therefore granted, and Plaintiff's motion for summary judgment is accordingly denied.

## II.

In 2006, Plaintiff was incarcerated at Richard J. Donovan State Prison ("RJD") in San Diego, California. (ECF 72 at 3). In 2010, he saw an orthopedist for foot pain, who diagnosed Plaintiff with plantar fasciitis and recommended orthopedic shoes. (*Id.* at 3, Ex. 2). Plaintiff's primary care doctor at RJD accepted the recommendation and gave Plaintiff a permanent chrono for orthopedic shoes. (*Id.*). But even "permanent" chronos may be reviewed annually to determine whether they remain medically necessary. (ECF 63 at 4). Plaintiff nonetheless enjoyed uninterrupted use of orthopedic shoes for about two years while at RJD. (ECF 72 at 4). In April 2012, Plaintiff was transferred to ISP, where he met Defendant for the first time in November 2012. (*Id.*). Plaintiff complained of chronic pain in his feet, ankles, and shins. (*Id.*). Defendant, however, expressed doubt about Plaintiff's need for orthopedic shoes. (*Id.*). Still, Defendant approved the continued use of orthopedic shoes but told Plaintiff that the permanent chrono could be revoked if Defendant thought that orthopedic shoes were no longer medically necessary. (*Id.*).

As it turned out, Defendant permitted Plaintiff to use orthopedic shoes for almost two more years until May 2014. (*Id.* at 6). At that time, Plaintiff asked Defendant to authorize a bottom bunk placement in part because of Plaintiff's foot pain. (*Id.* at 6). Defendant denied this request, however, and also revoked Plaintiff's chrono for orthopedic shoes. (*Id.*). He instead prescribed Plaintiff properly-fitting shoes and pain medication. (ECF 60 at 11). Less than two weeks later, Plaintiff fell off his top bunk and injured his knee. (ECF 72 at 9). Defendant ordered x-rays for the knee injury and gave

Plaintiff crutches and pain medication. (*Id*. at 9-10).

Meanwhile, Plaintiff had been designated for transfer to Florence State Prison ("FSP") in Florence, Arizona. (*Id*. at 8). Plaintiff says that he asked Defendant to place a medical hold postponing his prison transfer so that he could continue to have his knee treated at ISP, but that Defendant denied the hold request. (*Id*. at 12; ECF 81 at 22). After Plaintiff was transferred to ISP, he claims he received inadequate medical care for his feet. (FAC at 10-12). He was transferred again in 2015 to La Palma Correctional Center in Eloy, Arizona, where Plaintiff says he still received inadequate medical care for his feet, until he finally returned to CSP in California. (*Id*. at 12-13).

### III.

A prison doctor's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (2007). "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-05). To establish an Eighth Amendment violation, however, the inmate must prove both that the deprivation of medical care in question was *objectively* serious and that the prison doctor acted with a *subjectively* culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The reason for the subjective prong—"focusing on what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)"—is because the Eighth Amendment bans cruel and unusual *punishment*. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). It does not regulate medical malpractice. So "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [Eighth

Amendment] cases be condemned as the infliction of punishment." *Id.* at 838.

For summary judgment purposes, Defendant does not dispute that Plaintiff's plantar fasciitis posed an objectively serious medical need. Nor can Defendant credibly dispute that he knew about Plaintiff's foot condition. So to avoid summary judgment against him, Plaintiff must present admissible evidence creating a genuine dispute of material fact about whether Defendant consciously disregarded a substantial risk of serious injury to Plaintiff's feet without orthopedic shoes. *See Farmer*, 511 U.S. at 837. That is because deliberate medical indifference "requires more than ordinary lack of due care." *Id.* at 835 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)) (internal quotation mark omitted). Defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Id.* at 837 (emphasis added). In other words, what Defendant actually thought—not what he should have thought—when revoking Plaintiff's chrono is the salient factual issue.

Plaintiff claims that Defendant was deliberately indifferent to his plantar fasciitis in two ways: first when he revoked Plaintiff's chrono for orthopedic shoes "out of the blue" in May 2014 and then when Defendant refused to issue a medical hold that, according to Plaintiff, would have prevented his transfer to a prison outside California where he obtained inadequate medical care for his feet. (FAC at 7-9). To prevail on this claim at summary judgment, Plaintiff must "show[] that there is no genuine dispute as to any material fact and the [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). By the same token, to avoid summary judgment, Plaintiff must show that there remains a genuinely disputed material fact precluding judgment for Defendant as a matter of law. *See*

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Either way, Plaintiff must produce reliable, admissible evidence—not mere speculation or conclusory allegations—to prove the existence (or absence) of a genuine issue of disputed material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 256 (1986).

For his part, Plaintiff has presented enough evidence to create a genuine dispute about whether Defendant was "subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed." *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 845 (9th Cir. 2010). After all, Defendant never disputes that Plaintiff had plantar fasciitis or that other doctors had prescribed orthopedic shoes to treat that condition before Defendant saw him. So there is enough evidence for a jury to find that Defendant could have inferred that taking away Plaintiff's orthopedic shoes may cause a substantial risk of serious foot pain. But to prove deliberate indifference, Plaintiff must also present evidence showing that Defendant *actually drew that inference* with a culpable state of mind. That is where Plaintiff's evidence misses the mark.

Defendant's sworn evidence shows that his decision to revoke Plaintiff's chrono in 2014 was based on his professional medical opinion. (ECF 61 at 2-3). So to rebut that evidence and show that Defendant was consciously disregarding the medical needs of his feet, Plaintiff must counter with admissible evidence showing that "the course of treatment [Defendant] chose was medically unacceptable under the circumstances." *Jackson v. McIntonsh*, 90 F.3d 330, 332 (9th Cir. 1996). But Plaintiff cannot dispute that permanent chronos may be medically reviewed every year and so, by definition, may be revoked if found unnecessary in the judgment of a medical professional. *See also Alvarez v. Hashemi*, 2019 WL 1099838, at *3 (E.D. Cal. Mar. 8, 2019) (A permanent chrono "can [be] removed or

modified in accordance with the patient's medical necessity."). Nor does Plaintiff even attempt to explain away why Defendant would have allowed Plaintiff to use orthopedic shoes at ISP for almost two years if Defendant had a conscious disregard for the health of his feet. Plaintiff's claim that the chrono was revoked "out of the blue" also lacks evidentiary basis because Defendant had expressed doubt about whether Plaintiff still needed orthopedic shoes when he first arrived at ISP and told Plaintiff that the chrono could be revoked in the future while he was under Defendant's care. And last, there is no evidence to contradict the fact that Defendant did not leave Plaintiff's foot condition untreated but prescribed properly-fitting shoes and pain medication.

To be sure, Plaintiff maintains that Defendant's recommended course of treatment was too conservative. For summary judgment purposes, the Court assumes that a jury could find that the medical standard of care required that Plaintiff be given orthopedic shoes. The Court fully credits Plaintiff's sworn declarations that only orthopedic shoes properly managed the pain from his plantar fasciitis. It also fully credits the undisputed fact that other medical professionals—at least before Plaintiff's arrival at ISP—had a different medical opinion than Defendant. But a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014). At most, even when construed in the light most favorable to Plaintiff, the evidence raises only a triable issue of whether revoking Plaintiff's chrono was medical malpractice. *See Venable v. Biter*, 2017 WL 1208743, at *4 (E.D. Cal. Mar. 3, 2017) (no deliberate indifference where doctor revoked prior chrono but prescribed pain medication after examining plaintiff and his x-rays); *Jackson v. Corrs. Corp. of Am.*, 2010 WL 1571744, at *3 (S.D. Cal.

Apr. 15, 2010) (dispute over prescribing the same medication amounts to a difference of medical opinion, not deliberate medical indifference).  But negligence—or even gross negligence—in prison medical care is not enough to establish an Eighth Amendment violation for cruel and unusual punishment.  *See Estelle,* 429 U.S. at 106; *Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990).

Nor is there any basis for a jury to infer that Defendant acted in conscious disregard of Plaintiff's foot pain.  It would be one thing if Defendant immediately took away Plaintiff's orthopedic shoes when he arrived at ISP with no explanation, but Defendant did not do that.  It would also be possible for a jury to infer conscious disregard if Defendant left Plaintiff's plantar fasciitis completely untreated or delayed treatment for too long.  But there is no evidence that Defendant refused to treat Plaintiff's plantar fasciitis or that he was not seen by a medical professional when he needed it.  (ECF 21-2 at Ex. D, E, and F).  So just because Defendant's prescribed course of treatment for Plaintiff's medical need did not alleviate 100 percent of Plaintiff's alleged pain does not mean that Defendant consciously disregarded a substantial risk of serious harm.  *See, e.g.*, *Castillo v. Hartzell*, 983 F.2d 1075, 1075 (9th Cir. 1993) (no deliberate indifference where plaintiff received timely medical treatment); *Saenz v. Branch*, 2017 WL 6343485, at *6 (N.D. Cal. Dec. 12, 2017) (even if doctor should have ordered therapeutic shoes, prescribing medication instead "cannot be said to have amounted to more than medical negligence").  Plaintiff's self-serving assertion about Defendant's state of mind is not enough to generate a triable issue defeating summary judgment.  *See Brownlee v. Clayton*¸ 2013 WL 2474690, at *5 (E.D. Cal. June 7, 2013) ("Without evidence to support the necessary inferences regarding [defendant's] state of mind, plaintiff has failed to demonstrate the existence of a triable fact regarding deliberate

indifference."); *Hill v. Men's Cent. Jail*, 2018 WL 1448674, at *3 (C.D. Cal. Jan. 5, 2018) (court may "disregard self-serving declaration" when it states facts beyond declarant's personal knowledge).

    Finally, Plaintiff's alternative claim that Defendant somehow interfered with his medical care—by not preventing his transfer to an out-of-state prison where he received inferior medical care—does not withstand even minimal factual scrutiny, much less warrant summary judgment in his favor. Plaintiff presents no evidence to contradict Defendant's evidence that he did not know—and could not have known—about Plaintiff's transfer when he revoked Plaintiff's chrono. (ECF 63 at 7). And even if he knew about it, there is no evidence to show that Defendant was responsible for causing Plaintiff's transfer for the purpose of interfering with medical treatment. *See Brady v. Halawa Corr. Facility*, 285 Fed. App'x 424, 425 (9th Cir. 2008) (summary judgment warranted on claim that defendants transferred plaintiff to delay care because plaintiff "did not present any evidence that defendants intended to interfere with his medical treatment"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant."); *Roberts v. Cate*, 2013 WL 268709, at *15 (E.D. Cal. Jan. 23, 2013) (where "it is undisputed that the named defendants were not responsible for the decision to transfer plaintiff," the court "need not reach the issue of . . . intentional interference" with medical treatment). And there is certainly no evidence—apart from Plaintiff's speculation—to suggest that Defendant could have known or predicted what kind of medical care Plaintiff would receive in prisons where Defendant did not work. *See Frank v. Schultz*, 2014 WL 12139083, at *3 (C.D. Cal. Apr. 10, 2014) ("[C]onclusory assertions unsupported by evidence are insufficient to defeat a motion for summary judgment.").

## IV.

For all these reasons, Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment claim because there is no genuine dispute of material fact about whether Defendant acted in conscious disregard of Plaintiff's medical needs.  For the same reasons, Plaintiff is not entitled to summary judgment in his favor.  Defendant's motion for summary judgment is therefore GRANTED, and Plaintiff's motion for summary judgment is DENIED.  Final judgment in Defendant's favor will be entered accordingly.

**IT IS SO ORDERED.**

DATED: October 11, 2019

HON. STEVE KIM
U.S. MAGISTRATE JUDGE